UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

PEDRO BRIDGEWATER,                   :

                Plaintiff,    :    08 Civ. 3593 (VM)(HBP)

  -against-                         :    MEMORANDUM OPINION
                                               AND ORDER
J. TAYLOR, et al.,                   :

                Defendants.   :

------------------------------------X

        PITMAN, United States Magistrate Judge:

        By letter dated May 27, 2010, plaintiff seeks (1) an extension of time to file the second amended complaint he was previously granted leave to file and (2) an Order compelling discovery. For the reasons set forth below, plaintiff's application for an extension of time is granted; his application to compel discovery is denied.

        The allegations giving rise to this action are set forth in detail in the Decision and Order of the Honorable Victor Marrero, United States District Judge, granting the motion of defendants Dorcey, Merritt and Wilson to dismiss the complaint. Bridgewater v. Taylor, 08 Civ. 3593 (VM), 2010 WL 996154 (S.D.N.Y. Mar. 8, 2010). Familiarity with his decision is assumed. Plaintiff, an inmate in the custody of the New York State Department of Corrections, alleges in principal part that

he was assaulted by corrections officers for no reason. He asserts claims against the defendants for either their alleged participation in the assault or their failure to protect him from the assault. Plaintiff also alleges that he was deprived of property without due process and that his rights under the Eighth Amendment were violated by the emotional harm that ensued from the deprivation of property. Of the eight named defendants and "John Does" against whom the action was initially brought, two of the defendants and the "John Does" were dismissed as a result of their being omitted from plaintiff's amended complaint in March 2009. Of the remaining six defendants, three (Dorcey, Merritt and Wilson) were dismissed as a result of their motion to dismiss, and two (Fischer and Trailer) were dismissed by Judge Marrero sua sponte. There is currently one defendant remaining oin the case -- J. Taylor. By Order dated April 5, 2010, Judge Marrero granted plaintiff 60 days to serve a second amended complaint, repleading his claims against Fischer and Trailer.

      Defendants consent to plaintiff's application for an extension of time to serve his second amended complaint. Given plaintiff's pro se status and the fact that he is incarcerated, he is granted until August 6, 2010 to file his second amended complaint and to provide copies to the United States Marshals Service for service on Fischer and Trailer.

Plaintiff's application for discovery stands on a different footing. Plaintiff claims he needs the discovery to plead adequately his second amended complaint against Fischer and Trailer. Specifically, plaintiff claims he needs the following documents: (1) Merritt's and Trailer's "institutional records," (2) records concerning all uses of force that occurred at Sing Sing Correctional Facility while Fischer was superintendent, (3) the policies in effect at Sing Sing as of the date of the alleged assault concerning the escorting of inmates by Correction Officers, (4) the name of the first officer "that arrived on the scene of the incident, prior to [Trailer's] action," and (5) the final report of the Inspector General concerning the incident (Letter from Plaintiff to the Honorable Victor Marrero, United States District Judge, dated May 27, 2010 at 1-2). There are several flaws with plaintiff's application to compel discovery.

First, plaintiff is seeking this discovery in order to state his claims. As a general proposition, a litigant has to state a claims before he or she is entitled to discovery.

> Discovery is unwarranted where it would function as a "fishing expedition for evidence in search of a theory that has yet to be asserted." In re Alper Holdings, Inc., 398 B.R. 736, 754 (S.D.N.Y. 2008). Indeed, allowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6), which is to "streamline[ ] litigation by dispensing with needless discovery and factfinding" where the plaintiff has

3

failed to state a claim under the law. Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

KBL Corp. v. Arnouts, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) (Koeltl, D.J.);[1] accord Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-1950 (2009) ("Threadbare recitals of the elements of a [claim], supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); Thule AB v. Advanced Accessory Holdings Corp., 09 Civ. 0091 (PKC), 2010 WL 1838894 at *4 (S.D.N.Y. May 4, 2010) (Castel, D.J.) (same), reconsideration granted on other grounds, 2010 WL 2287012 (S.D.N.Y. June 1, 2010); DD v. Lincoln Hall, 09 Civ. 860 (CS)(LMS), 09 Civ. 861 (CS)(LMS), 2010 WL 695027 at *2 (S.D.N.Y. Feb. 19, 2010) (Seibel, D.J.) (same); Podany v. Robertson Stephens, Inc., 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (Lynch, D.J.) ("Except in certain

---

[1] The "fishing expedition" objection to discovery under the Federal Rules of Civil Procedure was expressly rejected by the Supreme Court more than 60 years ago. Hickman v. Taylor, 329 U.S. 495, 507 (1947) ("[T]he deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case."). Nevertheless, I submit that the objection still has vitality where, as here, a party is attempting to take discovery in an effort to find the facts necessary to state a claim.

4

limited circumstances, [such as to perpetuate vital testimony], discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim."); <u>Zurich American Ins. Co. v. Dah Sing Bank, Ltd.</u>, 03 Civ. 7778 (DLC), 2004 WL 1328215 at *8 (S.D.N.Y. June 15, 2004) (Cote, D.J.) ("Having shown no ability to state a claim against Union Bank, Zurich is not entitled to discovery.").

Second, plaintiff has already had an opportunity to conduct discovery. On February 10, 2009, I entered a Scheduling Order directing that all fact discovery be completed by October 23, 2009. Despite this clear deadline, plaintiff contends that he relied on the provision in my September 9, 2009 Order staying deposition discovery and believed he would have the right to conduct depositions after the motion to dismiss was resolved. This argument is disingenuous. During a conference call with plaintiff and counsel for defendants held on February 10, 2009, plaintiff expressly waived his right to conduct depositions in return for the right to serve 100 interrogatories that would not be subject to the limitations of Local Civil Rule 33.3; this waiver is reflected in Paragraph 4 of the Scheduling Order I

issued on February 10, 2009.  Thus, plaintiff gave up his right to conduct depositions long ago.

Third, several of plaintiff's discovery requests have already been addressed.  On September 9, 2009, I conducted a conference call with plaintiff and counsel for defendants and resolved discovery disputes concerning, among other things, the Inspector General's final report, the identity of the officer who allegedly arrived on the scene immediately after the incident and the disciplinary records of each of the defendants concerning complaints regarding the use of force.  Plaintiff never filed objections to my rulings on these matters, and my rulings are now final.

Finally, I note that plaintiff has stated in correspondence to Judge Marrero that he had expected me to issue a report and recommendation on defendants' motion to dismiss the complaint and expected to have the opportunity to serve and file objections.  Plaintiff should note that this matter has never been assigned to me to issue a report and recommendation with respect to dispositive motions.  Unless Judge Marrero expands the scope of the reference to me, all dispositive motions, i.e., motions to dismiss and motions for summary judgment, will be decided by Judge Marrero.

Accordingly, plaintiff's application for an extension of time to file his second amended complaint is granted; plaintiff is directed to file his second amended complaint and provide copies to the Marshals for service no later than August 6, 2010. Plaintiff's application to compel discovery is denied in all respects.

Dated:  New York, New York
        June 30, 2010

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies mailed to:

Mr. Pedro Bridgewater
DIN 94-A-8406
Auburn Correctional Facility
P.O. Box 618
Auburn, New York   13021

Kevin R. Harkins, Esq.
Assistant Attorney General
State of New York
24th Floor
120 Broadway
New York, New York   10271